IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JIM MEADOWS,

          Plaintiff,

v.                                  CIVIL ACTION NO. 2:05-0185

ALLSTATE INSURANCE COMPANY,
JANICE WHITMAN, DAVID SCOTT,
WALID HAIKAL, and MIKE FRONTINO,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the motion of the plaintiff, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Circuit Court of Kanawha County. For the following reasons, the motion is **DENIED**.

**Factual and Procedural Background**

The plaintiff and the defendants Janice Whitman, David Scott, Walid Haikal and Mike Frontino ("the individual defendants") are, or were at relevant times, employees or agents of the defendant Allstate Insurance Company. The plaintiff filed a first amended complaint in Kanawha County Circuit Court on January 27, 2005, alleging state law tort and contract claims against Allstate, an Illinois corporation, and the individual defendants, who are West Virginia residents. The plaintiff alleges that Allstate allowed the individual defendants to misrepresent or omit information on insurance applications, violating its own rules and regulations. The plaintiff contends that these action limited his commission and earnings. Allstate removed the action to this

Court on March 3, 2005, alleging that the individual defendants were fraudulently joined to defeat federal diversity jurisdiction.

The plaintiff's first amended complaint asserts causes of action for breach of contract, breach of fiduciary duty and common law fraud. Allstate argues that the plaintiff cannot state a claim for breach of contract or breach of fiduciary duty against the individual defendants. Allstate further argues that the plaintiff failed to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b). As a result, Allstate contends, the plaintiff has not pleaded a viable cause of action against the individual defendants and this Court must find that they were fraudulently joined.

## Standard of Review

With some limited exceptions, "any civil action brought in a State court of which the district courts of the United States have jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction in civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [that are] between . . . citizens of different States." 28 U.S.C. § 1332(a), (a)(1).

In determining whether complete diversity exists, however, a court may disregard the citizenship of parties that have been fraudulently joined. In this case, the plaintiff and the individual defendants are all citizens of West Virginia, while the defendant Allstate is a citizen of Illinois. Thus, if the defendants were all properly joined, complete diversity is absent and this Court would lack subject matter jurisdiction. If, however, the individual defendants were fraudulently joined, the action is properly before this Court.

"According to the numerous decided cases on the subject, a party will be considered fraudulently joined—and removal will be permitted—when the plaintiff has not or cannot state a claim for relief against that individual or entity under the applicable substantive law or does not intend to secure a judgment against that particular defendant." 14B CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3723. The Fourth Circuit has implemented this rule with the following test:

> In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either:
>
> > [T]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or
> > [T]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (emphasis in original); *see also AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) ("joinder is fraudulent if there is no real intention to get a joint judgment, and there is no colorable ground for so claiming" (internal quotations and citations omitted)).

The Fourth Circuit explained that "[t]he burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." 6 F.3d at 232-33 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). *See also Rinehart v. Consolidation Coal Co.*, 660 F. Supp. 1140 (N.D. W. Va. 1987). This standard is even more favorable to a plaintiff than the one for ruling on a motion to dismiss under FED. R. CIV. P. 12(b)(6). *See, e.g.*, *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (inquiry into validity of

complaint is more searching under Rule 12(b)(6) than when party claims fraudulent joinder). As the *Marshall* court noted, this doctrine implements "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." 6 F.3d at 232 (citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10 (1951)).

The defendant has not alleged outright fraud, so this Court will apply West Virginia tort and contract law to determine if there is any possibility that the plaintiff could establish a cause of action against the individual defendants. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).

## Analysis

**Breach of Contract**

In Count I of the first amended complaint, the plaintiff alleges that the acts and conduct of the defendant constitute a breach of the employment contract between Allstate and the plaintiff. Although the individual defendants were not a party to this contract, the plaintiff contends that they are liable for its breach because they engaged in a civil conspiracy with Allstate, inducing the breach.

In West Virginia, a civil conspiracy is a concerted action to accomplish either an unlawful purpose or a lawful purpose by unlawful means. *Dixon v. American Indus. Leasing Co.*, 253 S.E.2d 150, 152 (1979), *quoting* 15A C.J.S. Conspiracy § 1(1). Because a conspiracy requires at least two parties, and because corporations can act only through their employees or agents, many courts, including the West Virginia Supreme Court of Appeals, have concluded that a corporation cannot conspire with its employees. *Cook v. Heck's Inc.*, 342 S.E.2d 453, 460 (1986), *quoting Wise v. Southern Pacific Co.*, 223 Cal.App.2d 50, 72 (1963). *See also Ridgeway Coal Co., Inc. v. FMC*

*Corp.,* 616 F.Supp. 404, 408-09 (S.D.W.Va. 1985).  In his filings regarding the motion to remand, the plaintiff points to an exception to this rule when employees are acting as individuals for their own advantage. *Cook v. Heck's Inc.*, 342 S.E.2d at 460. The plaintiff contends that the exception applies here because the individual plaintiffs were acting for their own personal gain.  First, the Court notes that the first amended complaint contradicts this claim.  The plaintiff alleges in paragraph three that Allstate acted "through its agents, servants and employees who were acting within the scope of their agency or employment" and in paragraph five that at all relevant times the individual defendants "were employees and/or agents of Allstate, and they were acting for and on their own behalf and on behalf of defendant Allstate as its agents, servants and/or employees." Second, the conduct complained of in this case is not the kind that would fall within the exception. In *Ridgeway Coal*, Chief Judge Haden addressed this issue and noted that the exception applies when an employee has "an independent personal stake in achieving the corporation's illegal objective." 616 F.Supp. at 409, fn 3.  Chief Judge Haden described this independent interest as one that did not concern the defendant's employment with the corporation. *Id.*   The Fourth Circuit found, for example, that the exception might apply in a case where an officer and shareholder in a newspaper corporation was accused of conspiring with his corporation to drive a competing paper out of the market.  *Greenville Publishing Co., Inc. v. The Daily Reflector, Inc.*, 496 F.2d 391 (1974). In addition to his affiliation with the corporation, the officer had an arrangement with another newspaper under which he received compensation based on page production and advertising revenues. *Id.* at 399-400.  Because eliminating the competition would allow the officer to benefit not only within the context of his employment with the corporation, but also from his outside personal arrangement, the Fourth Circuit concluded that the exception could apply in that case. *Id.*

That is not the situation in this case, where the individual defendants' only benefit from the alleged acts was within the context of their employment with Allstate. The facts of this case are more analogous to the situation in *Douty v. Irwin Mortgage Corp.*, 70 F.Supp.2d 626 (E.D.Va. 1999). There, the plaintiff was a mortgage loan officer who alleged that fellow loan officers had conspired with her employer to induce a breach of her employment contract and increase their commissions. The court found that the plaintiff could not state a claim because she had not alleged that the other officers had a stake in the breach independent of their relationship with the employer. *Id.* at 633. Similarly, the plaintiff here has not alleged facts that would establish that the individual defendants had the type of independent personal stake required to take this case outside the general rule that a corporation cannot conspire with its employees.

Alternatively, the plaintiff argues that the individual defendants may be held liable for breach of contract based on the theory that they were involved in a joint venture with Allstate. A joint venture, which arises out of a contractual relationship between the parties, "is an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge." *Price v. Halstead*, 355 S.E.2d 380, 384 (1987). A joint venture is similar to a partnership, except that it relates to a single business transaction rather than a general business. *Id.* There is no merit to the plaintiff's claim that the relationship between employee and corporate employer can be construed as a joint venture. A joint venture, by its definition, involves an agreement outside the context of a typical employee-employer relationship. To allow liability to attach to corporate employees on this theory would disregard the corporate form, making all employees liable for the acts of the corporation simply by virtue of their employment. The plaintiff has failed to state a claim against the individual defendants on this basis.

**Fraud**

The plaintiff's second count alleges common law fraud. The defendant asserts that the plaintiff has failed to plead fraud with the required particularity. Rule 9 of the Federal Rules of Civil Procedure provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Wright and Miller note that "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' " *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 WRIGHT AND MILLER § 1297, at 590). While Rule 9(b) should be read in conjunction with Rule 8(a), providing for "short and plain statement" notice pleading, "[m]ere allegations of 'fraud by hindsight' will not satisfy the requirements of Rule 9(b)." 176 F.3d at 784; *but cf. id.* ("The second sentence of Rule 9(b) allows conclusory allegations of [a party's] knowledge as to the true facts and of [the party's] intent to deceive." (citing 5 WRIGHT AND MILLER § 1297, at 612)). The *Harrison* court observed:

> A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts.

176 F.3d at 784 (citation omitted).

The first amended complaint in this case does not state a claim for fraud with the required particularity. The plaintiff makes no allegations as to the time and place of the acts complained of, nor does he indicate what information, or even what general category of information, he alleges was misrepresented or omitted from applications. A bare allegation that the defendants misrepresented

-7-

information is not sufficient to allow the defendants to prepare a defense or to convince the Court that the plaintiff has substantial evidence of the necessary facts. Consequently, the plaintiff has failed to plead fraud with the particularity required by Rule 9(b) and therefore does not state a claim.

**Breach of Fiduciary Duty/Good Faith and Fair Dealing**

Finally, the plaintiff alleges that the defendants violated the fiduciary duties and covenant of good faith and fair dealing that they owed to the plaintiff. The plaintiff fails to state a claim against the individual defendants under either of these theories. The plaintiff claims that the individual defendants had a duty to comply with Allstate's policies and procedures and that they had a duty to refuse to approve insurance policies if they amounted to a certain risk. If the individual defendants had these duties, they run to the employer, not to the plaintiff. As the plaintiff notes in his motion to remand, duty "is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff." *Robertson v. LeMaster*, 301 S.E.2d 563, 567 (W.Va. 1983), *quoting* W. Prosser, *The Law of Torts* § 53 (4th ed. 1971). According to the first amended complaint, the only connection between the plaintiff and the individual defendants is that they shared a common employer. To accept the argument that the individual defendants here had an obligation to act in some way to benefit the plaintiff would create a cause of action for virtually every employee against his co-workers. The plaintiff has not claimed a special relationship with any of the individual defendants that would establish a particular duty of care, let alone the fiduciary duty he asserts. A fiduciary duty is a "duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person. It is the highest standard of duty implied by law." *Black's Law Dictionary* 625 (6th ed.1990). This duty does not arise in the typical co-worker

context. The plaintiff cites no cases in which a co-worker has been held liable for a breach of duty against another co-worker. Instead, he argues that the individual defendants should be held liable for participating in the alleged breach by Allstate, relying on a section of *American Jurisprudence* for the proposition that a breach of fiduciary duty is actionable against the breaching party and any third party who knowingly aids in the breach. 37 Am.Jur.2d, *Fraud and Deceit* § 306. The plaintiff has pleaded no facts that suggest that the individual defendants acted in any way to knowingly assist such a breach and therefore fails to state a claim for breach of a fiduciary duty against the individual defendants.

The plaintiff also fails to state a claim against the individual defendants for violation of the covenant of good faith and fair dealing that is implied in every contract. The individual defendants are not party to any contract with the plaintiff, and, for the reasons stated above, cannot be held liable for any breach by Allstate based on the facts pleaded in the first amended complaint.

## Conclusion

For the foregoing reasons, the Court finds that the plaintiff cannot state a claim against the individual defendants and therefore concludes that these defendants were fraudulently joined. Accordingly, the plaintiff's motion to remand this action is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written order to counsel of record and any unrepresented parties.

ENTER:   July 13, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE