IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JIM MEADOWS,

          Plaintiff,

v.                          CIVIL ACTION NO. 2:05-0185

ALLSTATE INSURANCE COMPANY,
JANICE WHITMAN, DAVID SCOTT,
WALID HAIKAL, and MIKE FRONTINO,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are several related motions by the parties in this case. The defendants Walid Haikal, David Scott, Mike Frontino and Janice Whitman ("the individual defendants") have filed motions to dismiss the first amended complaint. The defendant Allstate Insurance Company has filed a motion to dismiss the fraud claim, or, in the alternative, a motion for a more definite statement. The plaintiff has filed a motion to defer consideration of the defendants' motions to dismiss pending a decision on his motion to remand this case.

The plaintiff's motion to defer consideration of the defendants' motions to dismiss is **GRANTED**. The Court addressed the plaintiff's motion to remand in a separate opinion and order with which, for the purposes of this order, it will assume the parties have familiarity. Having denied the motion to remand and concluded that this Court has subject matter jurisdiction over the case, the Court will now address the motions to dismiss.

For the reasons stated in the opinion and order on the motion to remand, the Court finds that the plaintiff has failed to state a claim against the individual defendants and that they were therefore

fraudulently joined for the purpose of defeating diversity jurisdiction. Accordingly, their motions to dismiss are **GRANTED**. Also in the separate opinion, the Court outlined the reasons the plaintiff has failed to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Because the plaintiff has not met the requirements of 9(b), the Court **GRANTS** the motion of the defendant Allstate to dismiss the fraud claim. Although Allstate styled its motion as one to dismiss, or, in the alternative, one for a more definite statement, Federal Rule of Civil Procedure 12(e) requires that a motion for a more definite statement be filed before any responsive pleading. As Allstate's answer to the first amended complaint was filed on March 10, 2005, a motion for a more definite statement is untimely.

The Court **DIRECTS** the Clerk to send a copy of this written order to counsel of record and any unrepresented parties.

ENTER: July 13, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE