IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JIM MEADOWS,

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:05-0185

ALLSTATE INSURANCE COMPANY,

        Defendant and Cross-claimant,

v.

DAVID SCOTT and WALID HAIKAL,

        Cross-defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the motion of the defendant Walid Haikal to dismiss the cross-claim of the defendant Allstate Insurance Company. For the following reasons, the motion is **GRANTED**.

**Background**

The plaintiff and the cross-defendant Walid Haikal are, or were at relevant times, employees or agents of the defendant Allstate Insurance Company. Mr. Waikal was an employee agent of Allstate from November 1, 1996, to May 31, 1998. He became an independent contractor agent on June 1, 1998. The plaintiff filed a first amended complaint in Kanawha County Circuit Court on January 27, 2005, alleging state law tort and contract claims against Allstate, an Illinois corporation, and Mr. Haikal and other individual defendants, who are West Virginia residents. The plaintiff

alleged that Allstate allowed the individual defendants to misrepresent or omit information on insurance applications, violating its own rules and regulations. The plaintiff contended that these actions limited his commission and earnings. Allstate removed the action to this Court on March 3, 2005. On June 3, 2005, the defendant Allstate filed a cross-claim against the defendants David Scott and Walid Haikal, seeking indemnification or contribution for any judgment awarded in this action. In an order dated July 13, 2005, this Court dismissed the plaintiff's claims against the individual defendants, finding that they were fraudulently joined for the purpose of defeating diversity jurisdiction.

The defendant Walid Haikal now seeks to dismiss Allstate's cross-claim for failure to state a claim upon which relief can be granted. In particular, Mr. Haikal argues that Allstate has no claim against him because the cross-claim alleges a potential liability previously discharged in bankruptcy. Mr. Haikal filed a Chapter 7 bankruptcy petition on August 1, 2003. The bankruptcy court entered an order discharging his debts on October 29, 2003, and entered a final decree closing his case on December 10, 2003. Although the precise time the claim arose is not clear from the complaint, the parties do not dispute that it falls within the bankruptcy timeframe. The only dispute is whether the potential liability represented by the claim is discharged.

## Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defending party may move to dismiss if the pleading party has failed to state a claim for which relief may be granted. A Rule 12(b)(6) motion tests the sufficiency of the pleading. It does not resolve factual disputes, "the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d

943, 952 (4th Cir. 1992) (citation omitted). In considering the motion, the claims must be viewed in the light most favorable to the non-moving party and all allegations accepted as true. *Id*. Dismissal is appropriate only when it appears beyond a doubt that no set of facts would entitle the pleader to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted. *See Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989) (reaffirmed in *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 n.4 (4th Cir. 1993). *See generally* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §§ 1356 and 1357 (1990 and 1998 Supplement).

**Analysis**

Allstate maintains that dismissal of the cross-claim would be inappropriate because its claims against Mr. Haikal are nondischargeable and do not frustrate the "fresh start" envisioned by the bankruptcy law. Allstate argues that its claim is not subject to discharge because of the exceptions outlined in 11 U.S.C. § 523. In particular, Allstate contends that the exceptions in § 523(a)(2) and (4) apply. Those exceptions preclude discharge for debt obtained by false pretenses, false representation and fraud. Because fraud is at the center of the plaintiff's claims, Allstate argues that its claims for indemnification or contribution fall under these exceptions.

The procedure for applying these exceptions is dictated by 11 U.S.C. § 523(c)(1), which states that "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge." Other decisions examining this language have concluded that "the court" referred to in § 523(c)(1) is the bankruptcy court and that district courts have no jurisdiction to determine whether such a debt should be

discharged. *See Whitehouse v. LaRoche*, 277 F.3d 568, 576 (1st Cir. 2002)(Describing § 523(c)(1) as requiring that a "creditor asserting nondischargeability, under Bankruptcy Code § 523(a)(2), (4), (6) or (15), *must* litigate issue in bankruptcy court, *or else* the "debtor shall be discharged from [the] debt." (emphasis in original)); *In re Walker*, 195 B.R. 187, 190 n. 3, 195 (Bankr.D.N.H.1996); 4-523 Collier on Bankruptcy – 15th Edition Revised P 523.03 (Debts arising under paragraphs 2, 4, 6 and 15 "will be automatically discharged unless the creditor to whom such debt is owed obtains a determination of the bankruptcy court that the particular debt is nondischargeable."). The statute outlining the exceptions and the opinions interpreting it establish that the proper forum for determining dischargeability of this debt is the bankruptcy court, and that this court has no jurisdiction to resolve this issue. The claim must therefore be dismissed.

## Conclusion

For the foregoing reasons, the motion of the cross-defendant Walid Haikal to dismiss the cross-claim of the defendant Allstate Insurance Company is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 8, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE