IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JIM MEADOWS,

    Plaintiff,

v.                                Civil Action No. 2:05-cv-00185

ALLSTATE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

      Plaintiff Jim Meadows filed two motions for discovery relief: (1) "Motion to Compel Rule 30(b)(6) Designee and Production of Documents" (docket # 59) and (2) "Motion for Relief from Time Frame Order" (docket # 60).  In these, Plaintiff moved to compel Defendant Allstate Insurance Company to produce corporate witnesses for deposition, together with extensive documents previously requested in written discovery; and to extend the discovery deadline in order to complete these and other depositions. Defendant filed responses to both motions.  (Docket # 62, 63.)

      The Honorable Robert C. Chambers ruled upon the latter motion on February 13, 2006, denying Plaintiff's request for an extension of the discovery deadline insofar as Plaintiff sought to depose certain individuals identified at depositions in early January. (Docket # 64.)  Judge Chambers reasoned that Plaintiff had been aware of those particular witnesses for many months, and was

without excuse for failing to depose them within the allotted time frame. However, Judge Chambers stated that an extension would be permitted on those matters raised in the Motion to Compel 30(b)(6) witnesses and production requests, if the undersigned deemed relief appropriate.

Plaintiff's December 8, 2005 deposition notice attempted to set Rule 30(b)(6) depositions on January 5, 2006. (Docket # 59, p. 1 & Exhibit A.) Defendant objected and refused to produce any witnesses, because the areas of Plaintiff's inquiries and production requests were identical to the Plaintiff's written discovery answered by Defendant in July 2005, and because the notice did not allow 30 days to produce the requested material. (Docket # 59, Exhibit B, p. 2.) Defendant argues in Brief that Plaintiff is using duplicative 30(b)(6) depositions with production requests as a mechanism to overcome Defendant's unsatisfactory written responses, in violation of Rule 26(b)(2) of the Federal Rules of Civil Procedure. (Docket # 62-1, p. 3.) The Rule prohibits unreasonably cumulative or duplicative discovery, and also prohibits discovery when the party seeking it has had ample opportunity in the action to obtain the information sought. Fed.R.Civ.Pr. 26(b)(2)(2005). Defendant argues that Plaintiff has waived further discovery in these areas by failing to file a motion to compel within 30 days of receiving Defendant's answers. (Docket # 62-1, p. 2-5.) Moreover, Defendant argues that Plaintiff cannot

2

circumvent the 30 day time period allowed for response to production requests by setting a 30(b)(6) deposition in less than 30 days from the date of the notice. (Docket # 62-1, p. 4-5.)

The court has reviewed Defendant's written discovery responses and finds them to be utterly deficient and in violation of the Federal Rules.  Defendant has craftily evaded answering the majority of Plaintiff's interrogatories by transforming the inquiries into production requests, and then simply stating that the listed documents "speak for themselves."  This sort of flip response is tantamount to a complete failure to respond, punishable by Rule 37(a)(3) and (4).  Fed. R. Civ. Pr. 37(a)(3) & (4)(2005). Had Plaintiff filed a timely Motion to Compel concerning these written responses, the court would likely have granted it and awarded costs and fees, and perhaps additional sanctions against Defendant.

Plaintiff, however, did nothing, and allowed four months to elapse before pursuing discovery again on the eve of the discovery deadline.  Substantial delays in the production of documents occurred because of Plaintiff's delay in reaching agreement on a protective order.  While Defendant's responses were inexcusably deficient, it was Plaintiff's responsibility to complain and to request judicial action, rather than to duplicate his requests by noticing eleventh-hour depositions.  The court agrees with Defendant that Rule 26(b)(2) prohibits this tactic, and finds that

3

Plaintiff has waived his right to conduct further discovery.

For the reasons above, the Motion to Compel (docket # 59)is **DENIED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to Judge Chambers.

**ENTER** this 17th day of February, 2006.

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge