IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JIM MEADOWS,

　　　　Plaintiff,

v.                                    Civil Action No. 2:05-cv-00185

ALLSTATE INSURANCE COMPANY,

　　　　Defendant.


MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's motion originally captioned, "Plaintiff's Objections to Defendant's Rule 26(a)(3) Disclosures," and re-named Plaintiff's "Motion to Exclude Defendant's Evidence" (Docket # 84). Defendant has responded, and Plaintiff has replied. (## 86, 87.) The court conducted a hearing on the Motion on July 31, 2006. Marvin W. Masters and April D. Ferrebee appeared for Plaintiff; Mychal S. Schulz appeared for Defendant.

I.  **Procedural History**

A summary of the preceding motions before this court is helpful to an understanding of the present case posture. In January, 2006, Plaintiff moved to compel the Rule 30(b)(6) depositions of Defendant's witnesses. (Docket # 59.) Shortly thereafter, Plaintiff moved for relief from the court's time frame order. (Docket # 60.) In those motions, Plaintiff alleged a need

to pursue Rule 30(b)(6) discovery (which Defendant had declined to produce), and requested additional time to complete these depositions.

The presiding District Judge, the Honorable Robert C. Chambers, denied Plaintiff's request to extend the discovery deadline, insofar as Plaintiff sought to depose certain individuals identified at depositions in early January. (Docket # 64.) He reasoned that Plaintiff had been aware of those witnesses for many months, and was without excuse for failing to pursue discovery within the period set by the Scheduling Order. Id. Likewise, the undersigned denied Plaintiff's Motion to Compel 30(b)(6) Designee (docket # 59) because the depositions sought duplicated the written discovery which Plaintiff had previously filed and then abandoned for four months before noticing the depositions. The undersigned agreed with Defendant that Plaintiff could not duplicate its abandoned written discovery with last-minute depositions, and thereby circumvent the Local Rules' requirement that motions in aid of discovery be filed within 30 days. (Docket # 66.)

Plaintiff objected to this ruling and appealed to Judge Chambers. (Docket # 73.) Judge Chambers, however, affirmed the undersigned's decision, stating that the Order correctly characterized the discovery work of both parties, and that it was Plaintiff's responsibility to pursue the discovery he was seeking. (Docket # 76.) He found that Plaintiff had repeatedly failed to

2

take any action for Defendant's inadequate discovery responses. Accordingly, Judge Chambers denied Plaintiff's objections.  Id.

Thereafter, the parties filed a joint stipulation stating that they would both provide their Rule 26(a)(3) disclosures by April 28, 2006.  (Docket # 80.) Judge Chambers entered an Amended Scheduling Order which postponed the dates for pretrial events and which re-set the trial date to February 21, 2007. (Docket # 83.)

## II.  **Analysis of the Instant Motion**

Plaintiff's motion makes three points:

(A) Defendant failed to supplement or correct its initial disclosures under Rule 26(e), specifically by failing to identify the subjects of the information each individual was likely to possess; therefore, Plaintiff objects to the admissibility of testimony from these witnesses (docket # 84, p. 2-3);

(B) Defendant failed to provide a satisfactory response to Interrogatory # 14, which sought contact information for all trial witnesses and a summary of the anticipated testimony of each; therefore, Plaintiff objects to the admissibility of testimony from these witnesses (docket # 84, p. 2-3);

(C) Defendant refused to designate corporate representatives or agents to testify regarding certain subject matters in response to Plaintiff's Rule 30(b)(6) notice; therefore, Plaintiff objects to the admissibility of any of Defendant's evidence relating to such subject matters or which would vary or add to the testimony (docket # 84, p. 2-4).

The court will address each of these in turn.

### A.   *Failure to Supplement Rule 26(a) Disclosures*

Defendant failed to identify the subjects of information to which its witnesses would testify in its Rule 26(a)(1)(A)

3

disclosures in May, 2005.  (Docket ## 31, 84.) Plaintiff argues that Defendant's Rule 26(a)(3) disclosures are also deficient in that they, too, fail to identify the subjects of information or to include a summary of the expected testimony of each witness. (Docket # 84, p. 2-3.)  Plaintiff asserts that under Rule 26(e), Defendant has a continuing duty to supplement or correct its disclosures and answers. (Docket # 84, p. 2-3; docket # 87, p. 5-6.)  On these grounds, Plaintiff objects and requests that the court exclude any undisclosed evidence.  (Docket # 84, p. 5.)

Federal Rule of Civil Procedure 26(a) sets forth the types of information which a party must include in its initial disclosures, without discovery requests.  Fed. R. Civ. P. 26(a) (2006). Subsection (a)(1)(A) requires each party to disclose "the name, and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A) (2006).  Subsection (e) of the Rule imposes an obligation to supplement both these initial disclosures and other discovery responses:

> **(e) Supplementation of Disclosures and Responses.** A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

4

> (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision(a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.****
>
> (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e) (2006).

In response to Plaintiff's Motion, Defendant charges that Plaintiff's disclosures were equally deficient; and it appears that in some respects, they were. (Docket # 86, Exhibit A; docket # 32[1].) Defendant then argues that the initial disclosures are used to guide ensuing discovery, not to foreclose trial testimony of key witnesses; and that in any event, Plaintiff obviously did not rely upon Defendant's initial disclosures, because he only deposed a

---

[1] Plaintiff's Rule 26(a)(1) Disclosures offer the names and addresses of witnesses, but as to many simply state that the individual "may likely have discoverable information regarding the facts and circumstances surrounding Plaintiff's claims." (Docket # 32, p. 1-3.)  Plaintiff, like Defendant, did not supplement his incomplete disclosures; however, Defendant has not moved for any relief, and that issue is not before the court.

5

single witness. (Docket # 86, Exhibit A.) Defendant contends that Plaintiff has waived any objection to the initial disclosures by failing to object within 30 days as required by the Local Rules. (Docket # 86, Exhibit A, p. 2-3.) Finally, Defendant argues that this court has already ruled that Plaintiff's failure to pursue proper initial disclosures is fatal to any further attempts to obtain that information. Id. at 3.

While Defendant is correct that the court's Order barred Plaintiff from pursuing depositions at the eleventh hour which duplicated its previously-filed and abandoned written discovery, this does not take Defendant "off the hook" from the independent obligations imposed upon it by the Rules of Civil Procedure. The Rules require each party to make full and complete Rule 26 initial disclosures, "*without [] a discovery request.*" Fed. R. Civ. P. 26(a)(1) (2006). In other words, Defendant's duty to provide initial disclosure information exists wholly independent of any request or motion Plaintiff might file, and Plaintiff's lack of pursuit does not lift this duty from Defendant. Carr v. Deeds, No. 05-1472, ___F.3d ___, 2006 WL 1899782 (4th Cir. July 12, 2006), at *8 ("litigants are not excused from their obligations under the rules of procedure merely because an opponent has failed to comply with his obligations.") Likewise, Rule 26(e) imposes upon all parties a duty to supplement their initial disclosures, which again exists independent of any request from the opposing party.

6

Clearly, under the Rules, Defendant should have supplemented its disclosures.  Accordingly, at the hearing, the court **DIRECTED** Defendant to supplement its Rule 26(a)(1)(A) disclosures by serving Plaintiff with the subjects of the information offered by the witnesses.  The supplementation shall be served by **August 11, 2006**.

Plaintiff's complaint that Defendant's Rule 26(a)(3) disclosures are deficient because they fail to identify the subjects of information or to summarize the expected testimony of witnesses is unpersuasive.  Rule 26(a)(3) does not require that information to be disclosed.

The court turns next to Rule 37(c), which addresses the remedy Plaintiff requests:

> **(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.**
>
> > (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A),

7

> (B), and (C) and may include
> informing the jury of the failure to
> make the disclosure.

Fed. R. Civ. P. 37(c) (2006).

The Fourth Circuit recognizes only two exceptions to the exclusion of non-disclosed evidence under this Rule: (1) evidence may not be excluded when the failure to disclose is "substantially justified", and (2) evidence may not be excluded when the non-disclosure is "harmless."  Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003).  To make these determinations, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.  Id. at 597.  The first four of these relate primarily to the harmlessness exception, while the last one relates primarily to the substantial justification exception.  Id.

The district court has broad discretion in determining whether a party's nondisclosure is substantially justified or harmless within this exclusion analysis.  Id.; see also Carr v. Deeds, supra, at *6.  The burden is upon the party facing sanctions to show that its failure to comply was either substantially justified or harmless.  Carr at 6; Southern States at 596.

8

At the hearing on July 31, 2006, the court heard arguments on the <u>Carr</u> and <u>Southern States</u> factors. Based on the statements of counsel, the court finds that Plaintiff has not been surprised; the names and addresses of 15 of the 16 witnesses listed by Defendant in its original Rule 26(a)(1) disclosures and subsequently listed in its Rule 26(a)(3) disclosures are the same. The sole exception is Roger Griffith.

In order to cure the surprise to Plaintiff of the late disclosure of Roger Griffith's name, it is hereby **ORDERED** that Defendant shall serve on Plaintiff the subjects of the information to be provided by Roger Griffith on or before **August 11, 2006.**

The court finds that the disclosure of the subjects of the information to be provided by the witnesses will not disrupt the trial, which is set for February, 2007.

The court is unable to evaluate the importance of the evidence. Plaintiff argued at the hearing that he has been harmed by the failure to disclose, but no details of such harm were offered. The court notes that Plaintiff took little or no action to discover the case for months, and never filed a motion to compel Defendant to comply with Rule 26(a)(1).

Based on the foregoing, the court finds that Defendant's failure to comply with Rule 26(a)(1) was harmless; thus it is unnecessary to consider whether Defendant's failure was substantially justified.

9

<u>*B.    Failure to Supplement Interrogatory # 14*</u>

Plaintiff argues that Defendant failed to properly respond to and/or supplement its answers to Interrogatory # 14, which sought summaries of the anticipated testimony of Defendant's witnesses. (Docket # 84, p. 2.)   Defendant responds that this interrogatory was served contemporaneously with the Complaint, and states that it has disclosed its witnesses in accord with the Court's Scheduling Order.  (Docket # 86, Exhibit A, p. 1, 3.)   Defendant contends that regardless of any deficiency in its responses, Plaintiff has not taken a single deposition, and never pursued the discovery it now claims to be lacking. (Docket # 86, Exhibit A, p. 2.)

As stated in the Federal Rules of Civil Procedure set forth above, Defendant had a continuing duty to supplement not only its initial disclosures, but its discovery responses as well.  Fed. R. Civ. P. 26(e) (2006), <u>supra</u>.  As with its failure to supplement its disclosures, Defendant has not offered much justification for its failure to supplement its discovery responses.

In light of the court's ruling as to Defendant's failure to supplement its Rule 26(a)(1) disclosures, this issue is moot.

Plaintiff argues that Defendant has identified a document marked "Bates 0483" to be used as an Exhibit at trial, but has never disclosed a document bearing that number.  (Docket # 84, p. 4-5.)  This matter was resolved at the hearing.

10

<u>C.</u>    <u>*Refusal to Designate Rule 30(b)(6) Witnesses*</u>

Plaintiff argues that Defendant has failed to respond to its Notice of Rule 30(b)(6) Video Deposition of Designated Agent of Allstate Insurance Company and Request for Production of Documents served on December 8, 2005. (Docket # 84, p. 3-4; docket # 87, p. 7-10.) Specifically, Plaintiff argues that the witness produced by Defendant, Todd Friedman, possessed little or no knowledge regarding the subject matters for which he was designated. (Docket # 87, p. 10.) Defendant counters that the court previously denied Plaintiff's motion to compel 30(b)(6) testimony, and that Plaintiff's motion is yet another attempt to compensate for his failure to engage in appropriate discovery. (Docket # 86, Exhibit A, p. 1-3.)

Defendant is largely correct on this point. The court is surprised that Plaintiff seeks additional relief in connection with Rule 30(b)(6) depositions after the undersigned denied his Motion to Compel those very depositions, and after the presiding District Judge affirmed that decision. <u>See</u> Docket # 59 (Motion to Compel Rule 30(b)(6) Designee); # 66 (Order of the undersigned); # 76 (Order of the Honorable Robert C. Chambers). Pursuant to these rulings, Defendant did not have to produce Rule 30(b)(6) witnesses on many of the topics Plaintiff designated. The instant motion seeks exclusion of some of the exact same evidence Plaintiff sought in its Motion to Compel, which was denied by the court; namely,

that listed in paragraphs 7, 9, 17, 18, and 19.  (Docket ## 59, 84.)  The court has already ruled, and Judge Chambers has affirmed, that Defendant need not produce witnesses in these areas.  (Docket ## 66, 76.)

Plaintiff argues, however, that Defendant also refused to produce a witness, or presented a witness with insufficient knowledge, as to paragraphs (3), (12), and (13) of its Notice.  (Docket # 84, p. 3-4.)  These items were not raised in Plaintiff's previously-filed Motion to Compel.  (Docket # 59.)  Indeed, the instant motion is the first time Plaintiff has raised any objection to Defendant's response as to these three items.  A review of Defendant's Objections to the Notice of Deposition, attached as Exhibit B to the Motion to Compel (docket # 59), reveals that Defendant cross-referenced its answer and lodged objections to paragraph (3), and objected and declined to produce representatives to testify as to paragraphs (12) and (13).  Plaintiff accepted those objections and non-production by failing to contest them within 30 days as required by the Local Rules.  LR Civ P 3.07(c) (1994).

Unlike the written discovery discussed above, Defendant was not under any continuing obligation to provide depositions of its Rule 30(b)(6) witnesses; rather, Defendant objected, and it was Plaintiff's responsibility to pursue that discovery in a diligent manner within the appropriate time frame.

12

## III. <u>Conclusion</u>

For reasons stated herein, Plaintiff's Motion to Exclude Defendant's Evidence (docket # 84) is **DENIED**. The parties shall bear their own costs.

The Clerk is instructed to transmit copies of this Memorandum Opinion and Order to counsel of record.

ENTER: August 4, 2006

Mary E. Stanley
United States Magistrate Judge

13